**KIRKLAND & ELLIS LLP**
Robyn E. Bladow (State Bar No. 205189)
robyn.bladow@kirkland.com
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400

Renee D. Smith
(*pro hac vice* application to be filed)
renee.smith@kirkland.com
300 N. LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2310

*Attorneys for General Motors LLC*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR PANTEL, JAMES ROBERTSON, SCOTT MCANALLY, CHRIS MCCOY, MICHAEL MCCOY, AMOREENA MCCOY, ACE MCFARLIN, JOHN MCLEOD, ALVIS MCWHORTER, JANICE MCWHORTER, JOEY MENDOZA, MARV MESKE, LINDA MESKE, MIKE MILIOTTI, DONNA MILIOTTI, ASHLEY MILLER, BRYCE MONTELEONE, JOEDY MUHA, MATTHEW NATTENBERG, SAM NEER, ROBERT NICHOLS, CHERI DICKSON NICHOLS, DAVID OAKLEY, DENISE OAKLEY, FRED ORTIZ, CARLOS PAPION, DOMINIC PATINO, DALE PEABODY, DENISE PEABODY, ESTELLA PEREZ-ORTIZ, BILLY PERKINS, JENNIFER PERKINS, SAM PETERSON, JERRY PETTES, DIANNE PETTES, TREVOR PIERSON, DEREK RANSON, DINA RANSON, EUGENE RASCHKE, ROBIN RASCHKE, WILLIAM REEDER, LISA REEDER, TERRY | CASE NO. 2:19-cv-07350 DSF-RAO<br><br>**EX PARTE APPLICATION FOR 30-DAY EXTENSION OF DEADLINE TO RESPOND TO COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |

| | |
|---|---|
| 1 | RHODE, CATHERINE RHODE, MARK ROBB, NICOLE RUGGERI, RICK RUSSELL, JUAN SANCHEZ, ROB SAUSER, BEAR SCHARBARTH, EDWARD SCHULTZ, EDWARD SCOTT, AMIT SHARMA, VARUN SHARMA, JASON SHEHAN, SAHN SIRIVONG, ANDREW SMITH, CHAD SMITH, GLEN SMITH, SIMON SMITH, STEVEN SMITH, BRITNEY SMITH, JANET SMITH, RICK SOLTIES, BRENDA SOLTIES, JAVIER SOTO, CRAIG SPARKS, JOHN SPENCER, MATHEW STORCKMAN, JOHN SUJISHI, NIELSEN TAUOA, BRYAN TERRY, KIMBERLY TERRY, ANDREA TEVINI, BRENT TOPIE, NICOLE TOPIE, KIMBERLY TOPIE, ROBERT TOPIE, GERRY TRIAS, FLOR TRIAS, SCOTT TRUMP, FRANK VONADA, JULIE VONADA, JOE WEHRLE, JOHN WHITE, SPENCER WHITE, JOHN WILCOX, KATHRYN WILCOX, ROBERT WILLIAMS, CAREY WISHON, CHARLES YOUNG, AND JANEL YOUNG,<br><br>        Plaintiffs,<br><br>  vs.<br><br>GENERAL MOTORS LLC, ROBERT BOSCH GMBH, ROBERT BOSCH LLC, RALLY AUTO GROUP, INC., and MERLE STONE CHEVROLET,<br>        Defendants. |

# NOTICE OF EX PARTE APPLICATION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT**, pursuant to Local Rule 7-19, Defendant General Motors LLC ("GM") brings this *ex parte* application respectfully requesting an order extending GM's and the other served Defendants' deadline to respond to the Complaint in this action by 30 days to September 30, 2019.

On August 23, 2019, GM removed this action from Los Angeles Superior Court to this Court.  Dkt. 1.  GM intends to file a motion to transfer this action pursuant to 28 U.S.C. § 1404 to the Eastern District of Michigan, where the first-filed related federal class action has been pending for over two years (*In re Duramax*, Case No. 1:17-cv-11661 (E.D. Mich)), and where Plaintiffs' counsel's first-filed 26 virtually identical cases are also pending. GM's responsive pleading is due August 29, 2019.  Fed. R. Civ. P. 81(c)(2)(C).  GM is in the process of preparing its response to the 179-page, 383-paragraph Complaint.  Pursuant to Local Rule 8-3, GM requested Plaintiffs' consent to a customary and modest 30-day extension of the responsive pleading due date.  Declaration of Robyn Bladow ("Bladow Decl."), Ex. 1.

Plaintiffs did not identify or suggest any potential prejudice from the requested extension.  Plaintiffs, however, conditioned their consent to an extension on an agreement by GM and all other defendants to postpone their motion to transfer until after a remand motion is decided.  *Id*.  When GM declined this request, Plaintiffs refused to consent to this routine extension.  *Id*.  Accordingly, GM now files this *ex parte* application seeking that 30-day extension.

Pursuant to Local Rule 7-19.1, GM provided Plaintiffs notice of this Application on August 20, 2016.  *Id*. 4.  Plaintiffs informed GM that they would oppose the requested relief.  Plaintiffs are represented by:

    Heygood, Orr & Pearson

    Charles Miller

    charles@hop-law.com

1

6363 North State Highway 61, Suite 450

Irving, Texas 75038

Telephone: (214) 237-9001

This *ex parte* application is based on this Application, the Memorandum of Points and Authorities below, and the supporting Declaration of Robyn Bladow.

## MEMORANDUM OF POINTS AND AUTHORITIES

Courts may extend the time to respond to a complaint based on a showing of good cause. Fed. R. Civ. P. 6(b)(1)(A). "Good cause" is liberally construed so that requests made *before* the applicable deadline, like the one here, are normally granted "in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Ahanchian v. Xenon Pictures, Inc.*, 624 F. 3d 1253, 1259 (9th Cir. 2010) (quoting 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 (3d ed. 2004)). There is no bad faith by GM or any defendant, nor any prejudice to Plaintiffs from a customary 30-day extension.

In May 2019, Plaintiffs' counsel ("Heygood") filed 26 complaints in the Eastern District of Michigan on behalf of 2900 individual plaintiffs, all of which were virtual carbon copies of a lawsuit filed by different law firms two years earlier, on May 25, 2017. *In re Duramax*, Case No. 1:17-cv-11661 (E.D. Mich). All of those cases are proceeding before the Honorable Thomas L. Ludington in the Eastern District of Michigan. On May 10, 2019, Heygood filed in California state court a lawsuit that was virtually identical to this action, which in turn, was virtually identical to the 27 Eastern District of Michigan cases. On May 10, 2019, Heygood also filed another virtually identical case in California state court. On June 14, 2019, GM removed the two California state cases to this Court (Dkt. 1, Case No. 2:19-cv-05205; Dkt. 1, Case No. 2:19-cv-05211).

On July 1, 2019, GM moved to transfer the California state cases to the Eastern District of Michigan pursuant to the first-to-file doctrine and 28 U.S.C. § 1404(a). *See* Dkt. 21, Case No. 2:19-cv-05205; Dkt. 20, Case No. 2:19-cv-05211. The next day, on

July 2, 2019, Heygood voluntarily dismissed the two California state cases (Dkt. 22, Case No. 2:19-cv-05205; Dkt. 21, Case No. 2:19-cv-05211). On July 9, 2019, Heygood filed new versions of the California state complaints, making a few changes in a transparent (but legally insufficient) effort to avoid federal jurisdiction. GM again removed this action (and the related action) to this Court. *See* Dkt. 1.

Plaintiffs will not be prejudiced by a 30-day continuance of the responsive pleading deadline. In fact, when Plaintiffs filed their prior version of this Complaint in May 2019, Plaintiffs' counsel agreed to a longer open-ended extension that would postpone defendants' deadline to respond to the Complaint until after Plaintiffs' anticipated motion to remand was decided. *See* Dkt. 11, Case No. 2:19-cv-05211.

However, this time, after GM sent Plaintiffs a draft stipulation for their review (identical to the stipulation they previously agreed to), Plaintiffs conditioned their consent to the extension on a stipulation by <u>all</u> defendants to delay their anticipated motions to transfer until after a decision on Plaintiffs' remand motion. Bladow Decl., Ex. 1. GM would not agree to that condition, as this Court can and should rule on any transfer motion before deciding the motion to remand.[1] After GM declined to assent to the condition, it proposed an alternative request of a 30-day extension for the responsive pleading. Plaintiffs' counsel denied the request for consent. *Id*.

GM's request for an extension is in good faith, and is brought to ensure it has sufficient time to respond to the lengthy complaint, which is further complicated by its client's limited availability and the upcoming Labor-Day weekend holiday. *See Ahanchian*, 624 F. 3d at 1259. Plaintiffs, on the other hand, do not identify any prejudice that would result from the extension.

---

[1] As GM will explain in its upcoming motion to transfer, permitting Judge Ludington— who has presided over the first-filed federal case for over two years and who has dozens more related cases pending before him—to consider and resolve substantive and procedural issues will further judicial economy, allow the litigants and the federal judiciary to benefit from Judge Ludington's experience with the subject-matter of these cases, and avoid the risk of inconsistent rulings.

The 30-day extension is properly requested on an *ex parte* basis because timely relief could not be obtained by a regularly-noticed motion. *See Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal 1995). Because GM's request for an extension cannot be heard according to regularly-noticed motion procedures, GM would be irreparably prejudiced without the Court's grant of this *ex parte* application. *See id.* Moreover, the Court need not await a response on this issue from Plaintiff because good cause exists to grant the extension "with or without motion or notice." Fed. R. Civ. P. 6(b)(1)(A).

For the foregoing reasons, GM respectfully requests that the Court grant a 30-day extension, until and including September 30, 2019, for all served defendants to respond to Plaintiffs' Complaint.

Dated: August 26, 2019

Respectfully submitted,

KIRKLAND & ELLIS LLP

By: */s/ Robyn E. Bladow*
Robyn E. Bladow (State Bar No. 205189)
robyn.bladow@kirkland.com
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400

*Attorneys for Defendant General Motors LLC*