# EXHIBIT A

FILED
San Francisco County Superior Court
SEP 20 2019
CLERK OF THE COURT
BY: _____ Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

DEPARTMENT 613

| | |
|---|---|
| COORDINATION PROCEEDING SPECIAL TITLE [RULE 3.500(c)] **VOLKSWAGEN AUTOMOBILE EMISSION CASES** THIS DOCUMENT RELATES TO: *Mendonca v. Volkswagen Grp. of America, Inc.*, San Diego Superior Court Case No. 30-2017-00014345-CU-BC-CTL | JUDICIAL COUNCIL COORDINATION PROCEEDING No. 4848 ORDER OVERRULING DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC.'S DEMURRER ON THE GROUND OF PREEMPTION |

Defendant Volkswagen Group of America, Inc. ("VW") demurs to the Complaints filed in the *Abajian* and *Mendonca* actions referenced above on the grounds that Plaintiffs' claims against VW are preempted by the federal Clean Air Act ("CAA").[1] The motion came on for hearing on September 19, 2019, and appearances are as noted in the record. Having considered the materials submitted in support and opposition and the oral argument of counsel, the Court overrules the demurrer in its entirety.[2]

## I. RELEVANT FACTS

Plaintiff Maria M. Mendonca ("Plaintiff") leased and/or purchased a vehicle manufactured by

---

[1] VW's demurrer was originally brought as to both the *Mendonca* action and the action titled, *Abajian et al. v. Ventura Volkswagen, et al.*, Los Angeles Superior Court Case No. BC659579. Defendants have since settled with the plaintiffs in *Abajian*, and have withdrawn their demurrer in that case.

[2] With respect to VW's requests for judicial notice, the Court takes judicial notice of the existence of the documents, but not of the truth of the matters asserted therein. Plaintiffs' objections to these documents are overruled, and their Motion to Strike denied.

1

VW. Subsequently, the U.S. Environmental Protection Agency ("EPA") issued two Notices of Violation against VW and related entities, alleging that they developed and installed defeat devices, allegedly designed to cheat emissions tests, in certain vehicles, in violation of federal laws. Class action lawsuits against VW and related entities ensued. Plaintiff opted out of the 3.0-Liter Class Action Settlement in the federal multidistrict litigation, *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation.*

The operative First Amended Complaint was filed on May 19, 2017. Plaintiff asserts claims for breach of implied warranty under Song-Beverly, common law fraud, and violations of CLRA against VW America and dealer Herman Cook Volkswagen, Inc. The allegations in the *Mendonca* complaint are substantially similar from those in other pleadings filed by other plaintiffs in this JCCP action. For example, Plaintiff alleges as follows:

- "Representations regarding fuel efficiency and emissions, as well as the vehicle's reputation for maintaining a high resale value, induced Plaintiff into purchasing the vehicle. Due to the inclusion of the defeat device, however, the vehicle could not deliver the high performance that was advertised, including the low emissions and fuel economy." *Mendonca* FAC ¶ 14.

- "Dubbing these diesel engines as "CleanDiesel" was a symptom of the brazen arrogance underlying the fraud. Volkswagen's entire marketing campaign, from the branding of the products to the advertisements, focused on convincing consumers that the TDU equipped vehicles were not merely compliant with California emission regulations, but that they exceeded them." *Id.* ¶ 44.

- "Volkswagen's partnership with www.clearlybetterdiesel.org falsely or misleadingly portrayed TDI diesel engine as an environmentally friendly, low emissions choice for discerning and socially responsible consumers." *Id.* ¶ 51.

VW now demurs to the *Mendonca* complaint on the grounds that Plaintiff's claims are preempted by the CAA. VW further contends that Plaintiff's claims fail as a matter of law because the California Air Resources Board ("CARB") has exclusive jurisdiction to enforce state vehicular emissions standards.

## II. LEGAL STANDARD ON DEMURRER

A demurrer lies where "the pleading does not state facts sufficient to constitute a cause of action." Code Civ. Proc. § 430.10, subd. (e). In general, "material facts alleged in the complaint are treated as true for the purpose of ruling on the demurrer." *C&H Foods Co. v. Hartford Ins. Co.* (1984) 163 Cal.App.3d 1055, 1062. Courts liberally construe a pleading with a view to substantial justice between the parties.

2

*Volkswagen Auto Emissions Cases* JCCP-4848 Order Overruling Defendant Volkswagen Group of America, Inc.'s Demurrer Based on Preemption (*Mendonca*)

Code Civ. Proc. § 452. "[A] demurrer based on an affirmative defense will be sustained only where the face of the complaint discloses that the action is necessarily barred by the defense." *Casterson v. Sup. Ct.* (2002) 101 Cal.App.4th 177 at 183. Moreover, "a demurrer does not lie to a portion of a cause of action." *PH II, Inc. v. Sup. Ct.* (1995) 33 Cal.App.4th 1680, 1682.

## III. ANALYSIS

VW demurs to the *Mendonca* complaint on the grounds that Plaintiff's claims are preempted by the CAA, and CARB has exclusive jurisdiction to enforce state vehicular emissions standards. As discussed further below, the Court concludes that: (1) Plaintiff's CLRA and fraud claims are not preempted by the CAA; (2) Plaintiff's warranty claims are not preempted by the CAA; and (3) there is nothing precluding private suits based on violations of CARB emissions standards. Accordingly, the demurrer is overruled.

### A.   Plaintiff's CLRA and Fraud Claims are Not Preempted by the CAA

VW argues that Plaintiff's CLRA and fraud claims are expressly and impliedly preempted by the CAA. For the reasons stated below, the Court disagrees.

"Under the supremacy clause of the United States Constitution (art. VI, cl. 2), Congress has the power to preempt state law concerning matters that lie within the authority of Congress." *Bronco Wine Co. v. Jolly* (2004) 33 Cal.4th 943, 955. "In determining whether federal law preempts state law, a court's task is to discern congressional intent." *Id.* "Congress's express intent in this regard will be found when Congress explicitly states that it is preempting state authority." *Id.* "Congress's implied intent to preempt is found (i) when it is clear that Congress intended, by comprehensive legislation, to occupy the entire field of regulation, leaving no room for the states to supplement federal law; (ii) when compliance with both federal and state regulations is an impossibility; or (iii) when state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Id.*

First, VW contends that Plaintiff's CLRA and fraud claims are expressly preempted under 42 U.S.C. § 7543(a), which provides as follows: "No state…shall adopt or attempt to enforce any standard relating to the control of emissions from new motor vehicles…." 42 U.S.C. § 7543(a). In particular, VW argues that Plaintiff's claims based on state law are essentially attempts to enforce the federal emissions standards under the CAA and/or California's emissions standards for which the EPA has not waived

3

preemption pursuant to 42 U.S.C. § 7543(b).

Although the *Mendonca* complaint refers to the federal vehicle emissions standards at issue, a close reading and liberal construction of the complaint demonstrates that Plaintiff's claims encompass more than the alleged violation of the CAA's standards. Indeed, the gravamen of Plaintiff's complaint is defendants' alleged deceitful and fraudulent conduct of misleading its consumers regarding the vehicles' fuel efficiency, emission levels, and performance. *See Mendonca* FAC ¶ 44 ("Volkswagen's entire marketing campaign, from the branding of the products to the advertisements, focused on convincing consumers that the TDU equipped vehicles were not merely compliant with California emission regulations, but that they exceeded them"). This and similar allegations in the complaint stand independently of those allegations referencing the EPA or CAA standards, or the alleged installation of a defeat device. Thus, for the same reasons stated by Judge Breyer in the federal MDL action, this Court finds that Plaintiff's CLRA and fraud claims are not an attempt to enforce standards "relating to" the control of emissions from new motor vehicles, and are therefore not expressly preempted.[3] *See In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation* (N.D. Cal. 2018) 349 F.Supp.3d 881, 910-13.

Second, VW argues that Plaintiff's claims are impliedly preempted based on field and conflict preemption principles. VW's argument is premised on its position that Plaintiff's claims are based entirely on alleged violations of federal emissions standards and/or California standards. *See* Mtn. at pp. 24-26. As stated above, however, Plaintiff's claims are not based entirely on alleged violations of federal and/or state emissions standards, but are instead based at least in part on alleged material misrepresentations and omissions on the part of defendants relating to other aspects of the vehicle. Accordingly, VW has failed to demonstrate that Plaintiff's CLRA and fraud claims are impliedly preempted by the CAA. *See In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products*

---

[3] VW attempts to distinguish Judge Breyer's decision, and the cases cited therein in support of the court's ruling, by arguing that Plaintiffs' claims are based entirely on non-compliance with federal and/or state emission standards, whereas the federal MDL action involved other claims. However, as in the federal MDL action, Plaintiff in this case asserts that Defendants misrepresented that the vehicles had "low emissions." This particular claim was the basis for Judge Breyer's ruling that the state law claims were not preempted. *See In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation* (N.D. Cal. 2018) 349 F.Supp.3d 881, 911.

4

*Liability Litigation* (N.D. Cal. 2018) 349 F.Supp.3d 881, 913-14.

### B. Plaintiff's Warranty Claims under Song-Beverly are not Preempted by the CAA

VW also argues that Plaintiff's warranty claims are preempted by the CAA. Unlike Plaintiff's CLRA and fraud claims, Plaintiff's warranty claims are based entirely on federal and state emissions standards, and therefore require a different analysis. *See* Opp. at p. 14. For the reasons stated below, the Court also disagrees with VW on this point.

California is exempt from the express preemption provision in 42 U.S.C. § 7543(a) by virtue of § 7543(b). In other words, California may adopt and enforce its own standards and rules relating to vehicular emissions. *See Rocky Mountain Farmers Union v. Goldstene* (E.D. Cal. 2011) 843 F.Supp.2d 1042,1050. Although the *Mendonca* complaint contains multiple references to the federal emissions standards, it is clear from the pleadings that Plaintiff's warranty claims are also based on California's emissions standards. *See Mendonca* FAC ¶ 44. Plaintiff's warranty claims based on state emissions standards are expressly exempt from CAA preemption, either under express or implied preemption principles, by virtue of § 7543(b). *See Rocky Mountain Farmers Union, supra,* 843 F.Supp.2d at 1050.

### C. There is No Law Precluding Private Suits in Connection with Violations of CARB Emissions Standards

Finally, VW argues that CARB has exclusive jurisdiction to enforce state emissions standards, and therefore Plaintiff's private action is barred as a matter of law. Regardless of whether CARB has exclusive jurisdiction to enforce California's emissions standards, the Court disagrees with VW that private suits asserting breach of warranty claims under Song-Beverly for alleged violations of CARB emissions standards are barred as a matter of law.

"The Song-Beverly Act is a remedial statute designed to protect consumers who have purchased products covered by an express warranty." *Robertson v. Fleetwood Travel Trailers of California, Inc.* (2006) 144 Cal.App.4th 785, 798. "One of the most significant protections afforded by the act is…that 'if the manufacturer or its representative in this state does not service or repair the goods to conform to the applicable express warranties after a reasonable number of attempts, the manufacturer shall either replace the goods or reimburse the buyer in an amount equal to purchase price paid by the buyer….'" *Id., see also* Civ. Code § 1793.2.

5

VW failed to point out any controlling authority indicating that CARB enforcement of its own emissions standards is the exclusive remedy for violations of said standards. Civil Code § 39002 states that "the control of vehicular sources...shall be the responsibility of the State Air Resources Board." Civ. Code § 39002. But nothing in the plain language of this statute necessarily precludes a consumer from seeking remedies provided under the Song-Beverly Act. In the absence of clear authority suggesting otherwise, the Court concludes that Plaintiff's private suit asserting breach of warranty claims under Song-Beverly for alleged violations of CARB emissions standards is not barred.[4]

## IV. CONCLUSION

VW's demurrer based on preemption is overruled. VW's answer is due no later than 21 calendar days from the date of this Order.

IT IS SO ORDERED.

Dated: September 20, 2019

Teri L. Jackson
Judge of the Superior Court

---

[4] VW argues that Plaintiff is attempting to overturn the EPA's and CARB's determinations that the TDI diesel care "are legal to drive and sell." Mtn. at p. 1. EPA and CARB did *not* conclude that the subject vehicles are legal to sell; rather, based on the News Releases attached as Exhibits A-C of the Steinberg Declaration, EPA and CARB concluded that the subject vehicles "remain legal to drive and *resell*." *See* Steinberg Decl. ISO Demurrer, Ex. A-C.

6

*Volkswagen Auto Emissions Cases* JCCP-4848 Order Overruling Defendant Volkswagen Group of America, Inc.'s Demurrer Based on Preemption (*Mendonca*)

## Superior Court of California
### County of San Francisco

| | |
|---|---|
| COORDINATION PROCEEDING<br>SPECIAL TITLE [Rule 3.550]<br><br>**VOLKSWAGEN AUTOMOBILE<br>EMISSION CASES**<br><br><br>THIS DOCUMENT RELATES TO:<br><br>*Mendonca v. Volkswagen Grp. Of America,<br>Inc.*, San Diego Superior Court Case No.<br>30-2017-00014345-CU-BC-CTL | Judicial Council Coordination<br>Proceeding No. **4848**<br><br>**CERTIFICATE OF ELECTRONIC<br>SERVICE**<br>(CCP 1010.6(6) & CRC 2.260(g)) |

      I, Felicia Green, a Deputy Clerk of the Superior Court of the County of San Francisco, certify that I am not a party to the within action.

      On September 20, 2019, I electronically served **ORDER OVERRULING DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC.'S DEMURRER ON THE GROUND OF PREEMPTION**, via LexisNexis File & Serve on the recipients designated on the Transaction Receipt located on the LexisNexis File & Serve website.

Dated: 9-20-19

                                         T. Michael Yuen, Clerk

                              By: _____
                                            Felicia Green, Deputy Clerk